FILED IN CHAMBERS
U.S.D.C. - Atlanta
FEB 0 8 2018
James N. Hatten, Clerk
By: AmCai Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JORGE MATURANO-MARIN

CRIMINAL CASE NO.
1:15-CR-165-1-ODE-LTW

## ORDER

This closed criminal case is before the Court on multiple motions: 1) Defendant Jorge Maturano-Marin's ("Defendant") Motion for Return of Seized Property [Doc. 132]; 2) Magistrate Judge Linda T. Walker's Report and Recommendation ("R&R") [Doc. 133] on Defendant's Motion to Vacate Sentence [Doc. 131]; 3) Defendant's Motion to Appoint Counsel and for Leave to Appeal In Forma Pauperis ("IFP") [Doc. 137]; 4) Defendant's Motion to Appoint New Counsel [Doc. 142]; 5) Defendant's Motion to Reduce Sentence [Doc. 140]; and 6) Defendant's Motion for Default Judgment [Doc. 144]. The Court will discuss each motion in the order listed above, and as Defendant filed all of his motions pro se, the Court construes them broadly.

For the reasons stated below Defendant's Motion for Return of Seized Property is DENIED; Judge Walker's R&R is ADOPTED IN FULL, and accordingly Defendant's Motion to Vacate is GRANTED for the sole purpose of allowing an out-of-time appeal, with Defendant's collateral claim based on counsel's failure to argue for a minor-role adjustment DISMISSED WITHOUT PREJUDICE[1]; Defendant's Motion to Appoint

---

[1] Defendant's § 2255 Motion claimed ineffective assistance of counsel for two reasons: first, because counsel did not file an appeal as requested by Defendant; and second, because counsel did not ask for a sentence adjustment based on what Defendant argues was his "minor role" in the criminal scheme for which he was convicted [Doc.

Counsel and Appeal IFP is REFERRED back to Magistrate Judge Walker to the extent Defendant asks the Court to appoint counsel for his appeal and DENIED to the extent Defendant asks to appeal IFP; Defendant's Motion to Appoint New Counsel is REFERRED back to Magistrate Judge Walker; Defendant's Motion to Reduce Sentence is DISMISSED AS MOOT; and Defendant's Motion for Default Judgment is DISMISSED.

I. **Motion for Return of Seized Property**

On November 3, 2017, Defendant filed a Motion for the Return of Seized Property [Doc. 132] to which the Government responded [Doc. 135]. Defendant alleges that when he was arrested the following personal property was seized from him: 1) a wallet with $300.00; 2) a Chicago identification card; 3) a 2000 Nissan GT Infinity automobile; and 4) "one backpack and Miscellaneous" [Doc. 132 at 1]. Defendant contends that the Government did not use proper forfeiture procedures and thus the FBI has no lawful right to this property, and it must be returned to Defendant [Id. at 2].

Defendant is correct that there were no forfeiture proceedings initiated for any of the property listed in his motion. However, that does not mean the Government illegally seized the property and that it should be returned to Defendant. Defendant entered into a negotiated guilty plea in this criminal action, and in that Plea

---

131-1 at 6]. The Court hereby GRANTS Defendant's Motion to Vacate for ineffective counsel to the extent necessary to reinstate his appeal rights. Because Defendant may now timely appeal his conviction and sentence, the Court need not rule on Defendant's other claim that counsel was ineffective because he should have asked for a "minor role adjustment." Instead, just as explained in Judge Walker's R&R that the Court now adopts, pending the outcome of appeal Defendant may bring that claim again pursuant to an amended § 2255 Motion to Vacate.

Agreement [Doc. 109-3] Defendant exchanged any rights he had in property seized from him in connection with his criminal prosecution for the Government's agreement to dismiss some charges. On February 13, 2017, this Court accepted Defendant's guilty plea and found that Defendant entered into his guilty plea freely and voluntarily. The Infinity automobile, however, was seized on May 16, 2017, and therefore was not yet seized by the government at the time of the guilty plea [Doc. 135 at 2]. But on May 23, 2017, Defendant executed an FBI Waiver of Ownership [Doc. 135-1] in which Defendant agreed not to contest the vesting of the Infinity's title in the United States Government.

Defendant's waiver of his rights to the property he now claims should be returned to him is clear, and between his Plea Agreement and later executed Waiver of Ownership he cannot now claim that the property was illegally seized from him. Defendant knowingly waived his rights to the property in question in return for benefits during prosecution, which he received. Thus Defendant's Motion to Return Property [Doc. 132] is DENIED.

## II. Judge Walker's Report and Recommendation

United States Magistrate Judge Linda T. Walker filed the R&R currently before the Court on November 7, 2017 [Doc. 133]. No objections have been filed.

In May 2017, the Court sentenced Defendant to eighty-seven months of imprisonment. Attorney Richard Holcomb ("Holcomb") represented Defendant throughout sentencing. Defendant claims that Holcomb ignored his clear request to appeal and effectively abandoned him, rendering Defendant unable to file the appeal himself because the time to do so expired. Defendant further claims that Holcomb

rendered ineffective assistance by not seeking a minor-role adjustment at sentencing [Doc. 131-1 at 6]. In the R&R, Judge Walker recommends that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 be granted for the sole purpose of reinstating Defendant's appeal rights because a lawyer's duties regarding appeal are very strict regardless of the merits of the appeal. To effectuate that relief, Judge Walker recommends the Court do the following, which the Eleventh Circuit explained is the proper procedure in <u>United States v. Phillips</u>, 225 F.3d 1198, 1201 (11th Cir. 2000) for granting an out-of-time criminal appeal as a remedy in a § 2255 proceeding: 1) vacate the criminal judgment in this action; 2) reimpose the sentence of imprisonment, supervised release, and special assessment imposed by the Court on May 23, 2017 with credit for time served; and 3) advise Defendant that (a) he has the right to an appeal; (b) if he is unable to pay the cost of appeal he may apply for <u>in forma pauperis</u> status; (c) if he so requests the Clerk of Court will prepare and file the notice of appeal on his behalf; (d) he has the right to counsel on appeal and, if he cannot afford counsel, an attorney will be appointed; and (e) any notice of appeal must be filed within fourteen days of the date in which the Court reimposes Defendant's sentence.

Judge Walker further recommends that Defendant's claim for ineffective assistance because counsel did not ask for a "minor role adjustment" be dismissed without prejudice to preserve this claim, if necessary, after appeal.

The Court having read and considered the R&R and noting the absence of any objections thereto, it is hereby ADOPTED IN FULL as the opinion and order of the Court. Accordingly, Defendant's Motion

4

to Vacate Sentence [Doc. 131] is GRANTED for the sole purpose of reinstating Defendant's appeal rights. To effectuate this relief, the Court hereby VACATES Defendant's sentence and REIMPOSES the sentence in full with credit for time served. Defendant is advised to take note of items (a)-(e) discussed above, but the Court notes Defendant has already filed for an appeal and requested to proceed IFP, so the Court need not advise Defendant further on those matters. Defendant's ineffective assistance claim based on the failure to argue for a minor-role adjustment is DISMISSED WITHOUT PREJUDICE so that it can be reasserted, if necessary, after appeal.

### III. Motions to Appeal IFP and Appoint Counsel

Defendant filed a Motion to Appeal and Appoint Counsel IFP on November 21, 2017, asking the Court to file "this Notice to Appeal and request for appointment of counsel in forma Pauperis" [Doc. 137 at 1]. Defendant separately filed a notice of appeal the same day [Doc. 136]. The Court broadly construes Defendant's pro se motion to be requesting two different things: 1) the appointment of an attorney on appeal and 2) to appeal IFP. Under 28 U.S.C. § 1915(a), this Court may allow indigent persons to appeal without payment of costs. Coppedge v. United States, 369 U.S. 438, 441 (1962). Defendant, however, has not submitted the forms needed to establish his entitlement to proceed in forma pauperis; Defendant did not attempt to include any signed statement that he cannot pay the required filing fees or inform the Court of the nature of the appeal. Moreover, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if it presents an issue that is frivolous when judged objectively. See

Coppedge, 369 U.S. at 444-45; Jones v. Grayer, No. 1:06-CV-2594-RWS, 2007 WL 4289667, at *3 (N.D. Ga. Nov. 30, 2007) (Story, J.). And an issue is frivolous if it is "without arguable merit either in law or fact." See Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (internal quotation marks and citation omitted).

Here, Defendant's request to appeal IFP must be DENIED because Defendant did not provide any affidavit of his financial circumstances or the nature of the appeal and redress he believes he is entitled to. Even if the Court were able to presume Defendant's indigence the Court is still unaware of the grounds for Defendant's appeal. The Court notes Defendant voiced no objections to the presentence report and the Government and Defendant agreed to the eighty-seven month sentence recommendation in Defendant's negotiated, written plea agreement [Doc. 109-3]. And any appeal is likely not in good faith because Defendant consented to a partial waiver of his appeal rights in his Plea Agreement [Doc. 109-3 at 12]. In that agreement Defendant waived the right to appeal his conviction on any ground except an upward departure from the sentencing guidelines, which did not occur, or ineffective assistance of counsel. To the extent Defendant's Motion to Appeal and Appoint Counsel IFP [Doc. 137] asks the Court for leave to appeal IFP, that motion is therefore DENIED.

To the extent Defendant asks in his Motion to Appeal and Appoint Counsel IFP [Doc. 137] for the appointment of counsel on appeal, that motion REFERRED BACK TO MAGISTRATE JUDGE WALKER. Defendant's Motion to Appoint New Counsel [Doc. 142] is also REFERRED TO MAGISTRATE JUDGE WALKER.

**IV. Motion to Reduce Sentence Pursuant to Amendment 794**

Defendant asks the Court in a motion also filed on November 21, 2017 to reduce his sentence in "light of the clarifying amendment 794," which as Defendant notes became effective on November 1, 2015 [Doc. 140 at 1]. Defendant was sentenced on May 23, 2017, and thus Amendment 794 was already in effect. The Court therefore broadly construes this motion as a duplicative § 2255 motion for ineffective assistance of counsel due to counsel's failure to argue for a sentence adjustment based on the alleged minor role Defendant played in the criminal scheme for which he was convicted. As discussed above, Defendant's previous § 2255 motion [Doc. 131] for ineffective assistance based on counsel's failure to argue for a minor-role adjustment is DISMISSED WITHOUT PREJUDICE so that Defendant can file it again as needed after appeal. To the extent the Motion to Reduce Sentence [Doc. 140] is a duplicative § 2255 motion it is DISMISSED AS MOOT.

**V. Motion for Default Judgment**

Most recently, Defendant filed a motion on January 22, 2018 in which he asks the Court to enter default judgment against the Government because it did not file an answer to his § 2255 Motion to Vacate [Doc. 144]. This motion is DISMISSED as frivolous.

**VI. Conclusion**

For the reasons stated above Defendant's Motion for Return of Seized Property is DENIED [Doc. 132]; Judge Walker's R&R is ADOPTED IN FULL [Doc. 133] and Defendant's Motion to Vacate [Doc. 131] is GRANTED for the purpose of allowing Defendant to file an out-of-time

appeal,[2] with Defendant's claim for ineffective assistance based on counsel's failure to argue for a minor-role adjustment DISMISSED WITHOUT PREJUDICE; Defendant's Motion to Appoint Counsel and Appeal IFP [Doc. 137] is REFERRED back to Magistrate Judge Walker to the extent Defendant asks the Court to appoint counsel for his appeal and DENIED to the extent Defendant asks to appeal IFP; Defendant's Motion to Appoint New Counsel [Doc. 142] is REFERRED back to Magistrate Judge Walker; Defendant's Motion to Reduce Sentence [Doc. 140] is DISMISSED AS MOOT; and Defendant's Motion for Default Judgment is DISMISSED [Doc. 144].

SO ORDERED this 7 day of February, 2018.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

---

[2]Defendant's sentence is VACATED and REIMPOSED as of the date of entry of this Order with credit for time served. Defendant already filed Notice of Appeal on November 21, 2017, and that appeal may now proceed.

8