IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JORGE MATURANO-MARIN, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:15-CR-0165-ODE-LTW-1 |
| | : | |
| UNITED SATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:19-CV-0714-ODE-LTW |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Jorge Maturano-Marin's *pro se* motion under 28 U.S.C. § 2255 (Doc.164),[1] the government's response (Doc. 166), and Maturano-Marin's reply (Doc. 168).  For the reasons that follow, the undersigned **RECOMMENDS** that Maturano-Marin's § 2255 motion be **DENIED**.

## I.   Procedural History

A federal grand jury in the Northern District of Georgia returned an indictment against Maturano-Marin and co-defendant Cesar Santos-Ranger, charging Maturano-Marin in Count One with conspiracy to use a facility of

---

[1] All citations to the record are to 1:15-CR-0165-ODE-LTW-1.

interstate commerce to commit murder-for-hire, in Count Two with using a facility of interstate commerce to commit murder-for-hire, in Count Three with possession of a firearm in furtherance of a crime of violence, and in Count Four with possession of a firearm by an illegal alien. (Doc. 11.) Represented by Richard Holcomb of the Federal Public Defender Program, Inc., Maturano-Marin pled guilty to Count Two, pursuant to a negotiated plea agreement in which the government agreed to dismiss the remaining counts and both parties agreed to recommend a total sentence of eighty-seven months of imprisonment. (Docs. 109-1; 159.) At the plea hearing, Maturano-Marin admitted that a man named Jorge Palma agreed to pay him to murder a man in the Atlanta area, that he planned to share the money with his co-defendant, that he actually did travel from Chicago to Atlanta, and that he and his co-defendant obtained a loaded black Beretta pistol and a loaded black Astra semiautomatic pistol to use in committing the murder. (Doc. 159 at 12-14.) The Court followed the parties' recommendation and sentenced Maturano-Marin to eighty-seven months of imprisonment. (Docs. 126; 161.)

Maturano-Marin filed a § 2255 motion alleging that Holcomb provided him ineffective assistance by failing to file an appeal as instructed and by not seeking a minor role adjustment at sentencing. (Doc. 131.) The Court granted the § 2255 motion for the sole purpose of reinstating Maturano-Marin's appeal rights and

2

dismissed without prejudice his claim that Holcomb failed to seek a minor role adjustment. (Doc. 145.) The Court then appointed John Lovell to represent Maturano-Marin. (Doc. 153.) Lovell moved to withdraw his representation and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Doc. 163.) On November 26, 2018, the United States Court of Appeals for the Eleventh Circuit granted Lovell's motion and, finding no arguable issues of merit after an independent review of the entire record, affirmed Maturano-Marin's conviction and sentence. (*Id.*)

Maturano-Marin filed this §2255 motion, asserting that Lovell provided him ineffective assistance by not arguing on direct appeal that he was entitled to a minor role adjustment under U.S.S.G. § 3B1.2. (Doc. 164-1.) The government responds that Maturano-Marin fails to show either constitutionally deficient performance by counsel or prejudice. (Doc. 166 at 10-14.) Maturano-Marin replies, reasserting the merits of his sole ground for relief. (Doc. 168.)

## II.   Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise

subject to collateral attack.   28 U.S.C. § 2255.   "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).   An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case.  *See Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).  As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000).  To establish deficient performance, a movant must

establish that no competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

"Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*." *Dell v. United States*, 710 F.3d 1267, 1273 (11th Cir. 2013) (citations omitted). Thus, to succeed on a claim of ineffective assistance of appellate counsel, a defendant must demonstrate "that counsel's performance was so deficient that it fell below an objective standard of reasonableness . . . [and] that but for the deficient performance, the outcome of the appeal would have been different." *Ferrell v. Hall*, 640 F.3d 1199, 1236 (11th Cir. 2011) (citations omitted). "[W]innowing out weaker arguments on appeal and

5

focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (internal quotation marks and citation omitted).

## III.   Analysis

The Sentencing Guidelines provide a two-level decrease in a defendant's offense level if the defendant "was a minor participant" in the offense. U.S.S.G. § 3B1.2(b). A minor participant is a defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.*, cmt. n.5. "In determining whether a minor-role adjustment applies, the district court should consider, first, the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and, second, his role as compared to that of other participants in his relevant conduct." *United States v. Wright*, 862 F.3d 1265, 1277-78 (11th Cir. 2017). Factors the Court should consider in making that determination include:

> (i)   the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii)   the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

6

(iv)   the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v)   the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmt. n.3.   As the proponent of the downward adjustment, Maturano-Marin would have borne the burden of proving his minor role in the offense "by a preponderance of the evidence." *Wright*, 862 F.3d at 1278.

Here, the record evidence shows that Maturano-Marin understood the full scope of the murder-for-hire scheme and was a crucial participant.  Although the person who paid Maturano-Marin to commit the murder was "calling the shots," Maturano-Marin agreed to execute the victim.  (Presentence Investigation Report ("PSR") ¶ 16; Doc. 159 at 14.)  Maturano-Marin recruited a getaway driver to assist him, and he and two other participants travelled to Atlanta to commit the murder, conducted surveillance on the intended victim, and obtained two loaded firearms to use for the murder.  (PSR ¶¶ 16, 26-27, 29; Doc. 159 at 12-14.)  According to the plan, Maturano-Marin and his co-defendant would take the guns and actively shoot the victim.  (PSR ¶ 9.)  Thus, Maturano-Marin's role in the offense was not "minor," and counsel's failure to argue for a mitigating role adjustment was reasonable.

Maturano-Marin also fails to show prejudice because he has not shown a reasonable likelihood that the outcome of his appeal would have been different had Lovell raised this argument or that the Court would have reduced his offense level and imposed a lower sentence had Holcomb requested the adjustment at sentencing. Furthermore, it is unlikely that a minor role adjustment would have resulted in a different sentence, as the terms of Maturano-Marin's plea agreement required both parties to recommend an eighty-seven month sentence, which the Court imposed. Therefore, Maturano-Marin is not entitled to relief.

## IV.   Certificate of Appealability

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

8

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here because, based on the foregoing discussion of Maturano-Marin's sole ground for relief, the resolution of the issue presented is not debatable by jurists of reason.

## V.   Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Maturano-Marin's § 2255 motion [164] and a COA be **DENIED**  and that civil action number 1:19-CV-0714-ODE-LTW be **DISMISSED**.

**SO RECOMMENDED**, this 28 day of June, 2019.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE